UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE SMITH DAVIS,

       Plaintiff,

v.                                                  Civil Case No. 18-10731
                                                    Honorable Linda V. Parker

G4S SECURE SOLUTIONS and
WAYNE COUNTY SHERIFF'S OFFICE,

       Defendants.
_____/

**<u>OPINION AND ORDER (1) GRANTING MOTIONS TO DISMISS FILED BY DEFENDANTS WAYNE COUNTY SHERIFF'S OFFICE AND G4S SECURE SOLUTIONS [ECF NOS. 13, 14]; (2) DENYING MOTION TO STRIKE FILED BY DEFENDANT WAYNE COUNTY SHERIFF'S OFFICE [ECF NO. 27]; AND (3) DENYING AS MOOT DEFENDANT G4S SECURE SOLUTIONS' MOTION TO QUASH SUMMONS RETURN [ECF NO. 12]</u>**

On March 5, 2018, Plaintiff filed a pro se Complaint against Defendants G4S Secure Solutions ("G4S") and the Wayne County Sheriff's Office. G4S filed a "motion for summary judgment" on April 30, 2018, although the motion in fact seeks dismissal only pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) The Wayne County Sheriff's Office filed a "motion to dismiss/summary judgment" on May 16, 2018, although it also relies only on Rule 12 as the basis for dismissal. (ECF No. 14.) Both motions have been fully briefed.[1] G4S has also

---

[1] Plaintiff filed two briefs in response to the motion to dismiss filed by the Wayne County Sheriff's Office, although one brief was a joint response to both

moved to quash the return of summons filed by Plaintiff, arguing that service was not properly made on G4S. (ECF No. 12.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument with respect to the pending motions pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I. Rule 12(b)(6) Standard[2]

A Rule 12(b)(6) motion to dismiss tests whether a legally sufficient claim has been pleaded in the complaint and provides for dismissal when the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable

---

defendants' motions. The Wayne County Sheriff's Office has moved to strike Plaintiff's second response brief, arguing that it was untimely filed. (ECF No. 27.) The Court declines to strike Plaintiff's response brief on that basis, particularly where the motion to dismiss, to the extent filed under Federal Rule of Civil Proceudre 12(b)(6), also was untimely.

[2] The Wayne County Sheriff's Office also cites Federal Rule of Civil Procedure 12(c) in support of its motion. The standard of review for a Rule 12(b)(6) and Rule 12(c) motion are the same. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## II. Factual and Procedural Background

Plaintiff was employed through G4S to work as a Court Security Officer at the 36th District Court in Detroit, Michigan. (Compl. ¶ 8.) In his Complaint, Plaintiff describes an incident that occurred on March 17, 2012, when he was served with a subpoena for a federal trial involving his father in Indianapolis, Indiana. (*Id.* ¶¶ 11-28.) Plaintiff alleges that Wayne County Sheriff's Office Lieutenant Marlon Cleveland provided private information to Wayne County Sheriff Mohamad H. Hammoud in order for Hammoud to serve the subpoena on Plaintiff. (*Id.* ¶¶ 11, 32-33.)

According to Plaintiff, while he and Hammoud stood in the hallway of the courthouse, Hammoud made statements that publicly humiliated Plaintiff. (*Id.* ¶¶ 24-28.) This included a statement that Plaintiff's "father was not too big to be touched" and the announcement that Plaintiff was in trouble and was going to be arrested. (*Id.* ¶¶ 24-25.) Plaintiff asserts that members of the public were present when Hammoud made these statements. (*Id.* ¶ 28.)

Plaintiff also describes treatment he received in connection with his request to attend Islamic prayer services on Fridays. (*Id.* ¶¶ 51-65.) When Plaintiff was hired, his project manager, Ricky Adams, provided him with a schedule that allowed him to attend prayer services during his lunch break on Fridays. (*Id.* ¶ 51.) Plaintiff states that his next project manager, Anika Williams, reapproved this

4

practice and it continued uninterrupted for four years. (*Id.* ¶¶ 52-53.) However, on March 20, 2015, Lieutenant Barton of G4S stopped Plaintiff when he returned from the mosque and stated he was writing Plaintiff up for being late from lunch. (*Id.* ¶ 54.) Plaintiff reminded Barton that he was returning from mosque, but Barton still sent Sergeant Long from G4S to inform Plaintiff that he was going to be written up. (*Id.* ¶¶ 54-55.) When Plaintiff explained to Long that he was returning from prayer at the mosque, Long apologized and stated he had forgotten. (*Id.* ¶ 55.) Plaintiff does not state that he ever in fact was written up for the tardiness.

At around the same time, Plaintiff decided not to attend a work assignment at a Cobo Hall event, which he claims was voluntary. (*Id.* ¶ 58.) Project manager Williams suspended Plaintiff for three days because he missed the assignment. (*Id.* ¶ 62.) When Williams informed Plaintiff of the suspension, she also told him that he would no longer be able to attend prayers on Fridays or could change his schedule so as not to work on Fridays. (*Id.* ¶ 63.) Plaintiff elected to change his schedule in 2015, working Sundays through Thursdays. (*Id.* ¶ 65.) He alleges that this change impacted his family budget because he now had to pay for childcare on Sundays. (*Id.*) Plaintiff also alleges that this constituted harassment. (*Id.* ¶ 67.)

Plaintiff was off work from January 31 to February 1, 2016. (*Id.* ¶ 71.) During Plaintiff's absence, individuals within the courthouse heard that he had

5

been fired.  (*Id.* ¶¶ 72-74.)  When Plaintiff returned to work on February 2, 2016, several G4S officers told him they thought his employment had been terminated.  (*Id.*)  It appears from the Complaint that Plaintiff had been terminated because management believed he did not have the days off available that he took, although Plaintiff claims Cherise Halmon of Human Resources repeatedly informed him that he did have the time available.  (*See id.* ¶¶ 77-79, 88.)

Plaintiff alleges that Halmon "proved to management" that he did have the days off and his absence was excused.  (*Id.* ¶ 88.)  According to Plaintiff, Williams wrote up everyone in the union who shared that Plaintiff had been terminated.  (*Id.* ¶ 87.)  Halmon also was written up in connection with the incident and became upset with Plaintiff.  (*Id.* ¶ 89.)  Plaintiff alleges that he was the victim of a hostile work environment as a result.  (*Id.*)  He states that Halmon made threatening posts on her Facebook page about Plaintiff, which Plaintiff reported to Human Resources Manager Juanita Resar.  (*Id.* ¶ 90, Ex. M.)  Plaintiff indicated that he was concerned because Halmon had access to his personal information (e.g., his social security number and address).  (*Id.* ¶ 91, Ex. N.)  Resar subsequently told Plaintiff that they could not control Halmon's personal comments on her social media platform.  (*Id.* ¶ 94.)

Plaintiff believes G4S wrongfully shared his personal information (i.e., facts about his vacation time and termination) in connection with this incident. (*Id.* ¶¶ 83, 84.)

Plaintiff alleges that he eventually was forced to resign and file this lawsuit due to Defendants' mishandling of his personal information. (*Id.* ¶ 106.) As indicated, he initiated this lawsuit on March 5, 2018. He alleges four counts in his Complaint:

> (I) Deprivation of Rights Under the Color of Law/Violation of Civil Rights by G4S arising from Cleveland's sharing of Plaintiff's personal information in connection with the service of the federal subpoena- 18 U.S.C. § 242, Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1983.
>
> (II) False Accusations & Slander against the Wayne County Sheriff's Office related to Hammoud's statements about Plaintiff and Plaintiff's family when serving the subpoena.
>
> (III) Violation of Civil Rights by G4S in connection with Plaintiff's free practice of his Islamic religion- 1st Amendment, Title VII, and 42 U.S.C. § 1983.
>
> (IV) Violation of Civil Rights by G4S in the form of a hostile work environment- 18 U.S.C. § 242, Title VII, and 42 U.S.C. § 1983.
>
> (V) Violation of Civil Rights by G4S in the form of harassment- 18 U.S.C. § 242, Title VII, and 42 U.S.C. § 1983.

### III. Motion to Dismiss by the Wayne County Sheriff's Office

The Wayne County Sheriff's Office (hereafter also "Sheriff's Office") asserts four arguments in support of its motion to dismiss Plaintiff's Complaint:

(1) Plaintiff fails to name a proper party as the Sheriff's Office is not a legal entity capable of being sued.

(2) Plaintiff fails to meet the minimum pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

(3) Plaintiff fails to state any claim actionable against the Sheriff's Office upon which relief can be granted.

(4) Plaintiff fails to plead any actionable claim against the Sheriff's Office within the applicable statute of limitations.

(ECF No. 14.) Only the first argument needs to be addressed, as it is well-established that the Wayne County Sheriff's Office is not a legal entity subject to suit. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Sumner v. Wayne Cty.*, 94 F. Supp. 2d 822, 827 (E.D. Mich. 2000); *Hughson v. Cty. of Atrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988). As the Honorable Avern Cohn explained in *Sumner*,

> As a result of Wayne County's status as a Home Rule Charter county, the legislative functions of the county is vested in the Wayne County Board of Commissioners. The Sheriff's Department is merely a department within the jurisdictional authority of Wayne County, and as such, is not legally separate from the county. M.C.L. § 45.501, et seq. Since a charter county is a body corporate capable of being sued, M.C.L. § 45.501, Wayne County is a proper defendant, but the Sheriff's Department is not.

94 F. Supp. 2d at 827.

The Court notes that it would be futile for Plaintiff to amend his Complaint to name Wayne County in lieu of the Sheriff's Office because his false accusations and slander claim—his only claim against it—is barred by the applicable statute of

8

limitations. This claim arises from the service of the federal subpoena in March 2012. In Michigan, there is a one-year limitations period for claims of libel or slander. *See* Mich. Comp. Laws § 600.5805(11).

The Court, therefore, is granting the motion to dismiss filed by the Wayne County Sheriff's Department.

**IV.     G4S's Motion to Dismiss**

G4S seeks dismissal of Plaintiff's claims, asserting the following arguments:

(1)     Plaintiff's Title VII claims are barred because Plaintiff failed to file an EEOC charge.

(2)     Counts I and II of Plaintiff's Complaint are barred by the applicable statute of limitations.

(3)     Plaintiff fails to meet the pleading requirements of Rule 8(a)(2) with respect to his claims.

(4)     The facts set forth in Plaintiff's Complaint fail to establish that G4S was acting under color of state law.

(5)     Plaintiff fails to allege the necessary elements of his claims.

(ECF No. 13.)

As an initial matter, Plaintiff cites 18 U.S.C. § 242 in support of several of his claims. Section 242 is a penal statute, which makes it a crime for someone acting under color of law to deprive another of his or her civil rights. The statute does not establish a private cause of action. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Watson v. Devlin*, 167 F.

Supp. 638, 640 (E.D. Mich. 1958), *aff'd* 268 F.2d 211 (6th Cir. 1959); *Jenkins v. Livonia Police Dep't*, No. 13-14489, 2015 WL 5876750, at *3 (E.D. Mich. Oct. 7, 2015); *see also Johnson v. United States*, 590 F. Supp. 2d 101, 104 n.1 (D.D.C. 2008); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *Powers v. Karen*, 768 F. Supp. 46 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1522 (2d Cir. 1992). The Court therefore is dismissing Plaintiff's claims to the extent they are brought under § 242.

Counts I and II of Plaintiff's Complaint arise from the March 2012 service of the federal subpoena on Plaintiff. To the extent Plaintiff is asserting a libel and slander claim under Michigan law, it is time-barred as stated above. The claims also are time-barred to the extent they are brought under § 1983. A three-year limitations period applies to § 1983 claims filed in federal court in Michigan.[3] *Harrison v. Michigan*, 722 F.3d 768, 776 (6th Cir. 2014) (citing *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986)); *see also Wilson v. Garcia*, 471 U.S. 261 (1985).

---

[3] Plaintiff argues that he is asserting fraud in connection with the March 2012 incident and that there is no statute of limitations for fraud. Michigan in fact employs a six-year statute of limitations for fraud. *See* Mich. Comp. Laws § 600.5813. While such a claim therefore would not be time-barred, Plaintiff does not allege facts in his Complaint to satisfy the elements of a fraud claim. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (Mich. 1976) (setting forth elements).

Plaintiff cites Title VII as a basis for four of his claims against G4S. "Plaintiffs must typically file a timely discrimination charge with the EEOC in order to bring a Title VII lawsuit." *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001); *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999). "Where the alleged unlawful employment practice occurs in a state (such as Michigan) which has enacted its own laws prohibiting discrimination in employment, the plaintiff must file [the] EEOC charge within 300 days of the alleged unlawful employment practice." *Doan v. NSK Corp.*, 97 F. App'x 555, 557 (6th Cir. 2004) (citing *Amini*, 259 F.3d at 498). Plaintiff does not contend that he filed an EEOC complaint and the cases he cites in his response brief do not hold that such a complaint is unnecessary prior to filing suit. Thus, the Court is dismissing Plaintiff's claims against G4S to the extent they are filed under Title VII.

The dismissal is with prejudice because the time for Plaintiff to file an EEOC charge has long expired. *See* 42 U.S.C. § 2000e-5(e)(1) (providing that the applicable statute of limitations begins to run from the date of "the alleged unlawful employment practice[.]"). Plaintiff argues that G4S's discrimination is "current" because he has needed to receive continued counseling as a result of his treatment and now has a finalized divorce. However, "'[a] continuing violation is occasioned by continued unlawful acts, not continual ill effects from an original

11

violation.'" *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (quoting *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). This leaves Plaintiff's claims under § 1983.[4]

To state a valid claim under § 1983, Plaintiff must show that G4S deprived him of a right secured by the Constitution or laws of the United States; and (2) that G4S did so while acting under color of law. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971)). A private entity acting on its own is not liable under § 1983. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149 (1978) ("most rights secured by the Constitution are protected only against infringement by governments") and *Hudgens v. NLRB*, 424 U.S. 507 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgement by government, federal or state.")). Nevertheless, a private entity may be deemed a state actor "when its actions so approximate state action that they may be fairly attributable to the state." *Lansing*, 202 F.3d at 828 (citing cases). The Sixth Circuit applies three tests to determine whether a private entity

---

[4] Plaintiff also refers to the First Amendment in his Complaint, but § 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights. *See Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990).

12

defendant is a state actor: (i) the public function test; (ii) the state compulsion test; and (iii) the symbiotic relationship or nexus test. *Id*. (citations omitted).

"Under the public function test, a private [entity] is a state actor if [it] exercises powers traditionally reserved exclusively to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). This test has been interpreted narrowly. *Id*. "Only functions like holding elections, exercising eminent domain, and operating a company-owned town fall under this category of state action." *Id*. at 833-34 (internal citations omitted).

According to Plaintiff's Complaint, G4S is a Florida staffing company that hires individuals to work as Court Security Officers in Michigan's 36th District Court. (*See* Compl. ¶¶ 4, 5.) G4S's role in hiring individuals to work for the state court does not covert G4S into a state actor. *See, e.g., Bell v. Mgmt. & Training Corp.*, 122 F. App'x 219, 222-23 (6th Cir. 2005) (citing cases); *Perdue v. Quorum Health Res., Inc.*, 934 F. Supp. 919 (M.D. Tenn. 1995) (finding that the defendant which contracted to provide administrative and management services for city hospital was not a state actor under the public function test as the management of a hospital has not been a power traditionally reserved exclusively to the state). It is not important that Plaintiff's role as a Court Security Officer may be a "function traditionally reserved for the state," *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991), or that G4S provides staffing for positions serving the state. As

13

the Supreme Court has made clear, "the question is whether the function performed [by the defendant] has been 'traditionally the *exclusive* prerogative of the State.'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (emphasis in original) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). Here, it is G4S's employment decisions with respect to Plaintiff that are being challenged. "[M]ere employment with a government contractor does not render personnel decisions state actions." *Bell*, 122 F. App'x at 223.

"The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Lansing*, 202 F.3d at 829 (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). The allegations in Plaintiff's Complaint do not suggest in any way that the state exercised any power or gave any encouragement in connection with G4S's employment decisions respecting Plaintiff.

"Under the nexus test, 'the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" *Lansing*, 202 F.3d at 830 (quoting *Wolotsky*, 960 F.2d at 1335). The Supreme Court has found state action based on "pervasive entwinement" between a private actor and the state. *Brentwood Acad. v. Tenn. Secondary Sch.*

14

*Athletic Ass'n*, 531 U.S. 288, 291 (2001). This is a "necessarily fact-bound inquiry." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Plaintiff alleges no facts suggesting a close nexus between the state and G4S's employment decisions.

In short, Plaintiff fails to allege facts suggesting that G4S was a state actor subject to liability under § 1983. Plaintiff's § 1983 claims against G4S are therefore also subject to dismissal.

**V.     Conclusion**

In summary, the Court holds that the Wayne County Sheriff's Office is not a proper party to this action and must be dismissed. As Plaintiff asserts Count II of his Complaint against the Sheriff's Office only, that claim is therefore dismissed. Plaintiff's claim against G4S arising from the March 2012 service of the federal subpoena, Count I, is time-barred. To the extent Plaintiff's remaining claims against G4S (Counts III-V) are brought under Title VII, they are subject to dismissal because Plaintiff did not file a timely EEOC charge. To the extent those claims are premised on § 1983, they must be dismissed because G4S is not a state actor. Lastly, Plaintiff's claims under a criminal statute fail to state a claim on which relief may be granted.

Accordingly,

**IT IS ORDERED** that Defendant G4S Secure Solution's motion to dismiss (ECF No. 13) is **GRANTED**:

**IT IS FURTHER ORDERED** that Defendant G4S Secure Solution's Motion to Quash Summons (ECF No. 12) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the motion to strike filed by Defendant Wayne County Sheriff's Office (ECF No. 27) is **DENIED**;

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendant Wayne County Sheriff's Office (ECF No. 14) is **GRANTED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: December 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 13, 2018, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury
                                                Case Manager